Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** a California Limited Liability Company, and **DALLAS BUYERS CLUB, LLC**, a Texas Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>**DOE-76.115.109.21,**<br><br>Defendant. | Case No.: 3:14-cv-1875<br><br>PLAINTIFFS' EX PARTE MOTION TO EXPEDITE DISCOVERY<br><br><br>EXPEDITED RULING REQUESTED |

<u>LR 7-1</u>

Plaintiffs do not know the identity of the defendant, and as such are unable to confer.

<u>Notice of Related Proceedings</u>

This case is one of a number of largely identical cases filed in this District, each with the

same allegations against different defendants, who each have participated in the same conduct

jointly advancing BitTorrent piracy.  All other cases are before Judge Acosta, the lead case

generally designated as 3:14-cv-01241-AC.

**PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiffs move the Court *ex parte*

for an order permitting plaintiffs to take limited discovery to ascertain the identity of the

defendant in the complaint.  Limited Discovery prior to the Rule 26(f) conference is necessary as per the reasons stated in the accompanying Memorandum of Law.

Plaintiffs respectfully request the Court grant their *Ex Parte* Motion for leave to take discovery prior to the Rule 26 conference and enter an Order allowing plaintiff to subpoena records from Comcast for the identity of the subscriber and account holder assigned the IP address used by the defendant, and for such further information as may be needed to specifically identify the Doe defendant.

Plaintiffs request an expedited ruling on this matter as it is likely the defendant is actively and currently participating in the piracy of content through BitTorrent and any delays are likely to increase the harm suffered by plaintiffs.

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION TO EXPEDITE DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiffs hereby move this Court *ex parte* for an Order permitting plaintiffs to take further limited expedited discovery prior to the Rule 26 conference to ascertain the identity of the Doe defendant as identified in the complaint. Dkt. 1.

## I.  INTRODUCTION

Plaintiff Voltage Pictures, LLC, is in the business of producing marketing and distributing motion pictures, including the subject motion picture in this case titled *Dallas Buyers Club*.  Plaintiff Dallas Buyers Club, LLC is the registered copyright owner of the motion picture *Dallas buyers Club*.  The Doe defendant is a BitTorrent user, or "peer," whose computer is interconnected with others and used for illegally copying and distributing plaintiffs' motion

picture to others.  Plaintiffs are suing the Doe defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement.

As defendant used the Internet to commit infringement, plaintiffs only know the defendant by his or her Internet Protocol ("IP") address, and the time of the infringement as stated in the compliant.  Based on pre-filing investigations, defendant's IP address was assigned by his or her Internet Service Provider ("ISP"), Comcast.  Comcast uses an IP address to specifically identify each account which is assigned to a person using the Internet though Comcast to transmit and receive data similar to the address on a house, namely it is the location to which Comcast sends data requested and from which it receives data.  Publicly available data allows plaintiff to identify the specific ISP defendant used and other information such as the city or area associated with the IP address.   Publicly available data generally does not permit plaintiff to ascertain the identity of the subscriber or actual defendant.  But as Comcast controls defendant's access to the Internet, so too does Comcast have the records which tie the IP address used to infringe plaintiffs' rights to a specific party who contracted with Comcast for service. Without this information, plaintiffs cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave to serve a Rule 45 subpoena on the ISP Comcast.  Such a subpoena will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of the parties associated with defendant's IP address.  Any such information obtained will be used for protecting and enforcing plaintiff's rights as set forth in the Complaint filed in this case.

As the subscriber who contracts with Comcast may not necessarily be the defendant, plaintiffs also request leave for reasonable further discovery including an FRCP 45 deposition of

the subscriber identified by Comcast, of not more than two (2) hours, as may be needed to find the true identity of the actual defendant.

## II.  ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery.  *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants operating through the Internet. See generally *Voltage, et. al v. Does:* 3:14-cv-01241-AC, 3:14-cv-01242-AC, 6:14-cv-01243-AC, and 6:14-cv-01244-AC; *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, it is highly likely plaintiff can identify the missing party with sufficient specificity as the missing party is the either the subscriber who contracted for use of the identified IP address, or based on the pervasive nature of observed conduct, a party likely known to the subscriber as plaintiffs have observed substantial and persistent conduct that is associated with defendant's IP address.  Dkt. 1.  Second, though plaintiffs have been able to identify much about the defendant, namely who he or she uses as his or her ISP, where he or she is generally located, and what software he or she used to commit acts of infringement, plaintiffs have no means to readily identify the Doe defendant as a named individual.  Comcast has procedures for revealing the associated subscriber information, but requires a subpoena as a matter of course.  Third, this related to a claim for copyright infringement.  Specifically, sufficient facts are alleged to support a plausible right to relief well above any general level of mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Good cause to allow expedited discovery in this case clearly exists because the ISP used to commit the acts of copyright infringement is the only source that can supply the information necessary to identify the defendant.  A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner.  *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.)

If plaintiffs are denied the ability to subpoena Comcast, the identity of the infringer will remain hidden and defendant will be able to continue to freely infringe plaintiffs' rights and commit other acts of theft with impunity.  As such it is clearly in the interest of preserving justice

and order that this court should grant Plaintiffs' motion.  *Semitool, Inc.*, 280 F.R.D. at 276

("Good cause may be found where the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party).

## III.   EXPEDITED RELIEF IS PROPER

As per the other activity observed associated with the defendant's IP address, there is

evidence the defendant is a prolific infringer that regularly and actively contributes to the

BitTorrent piracy economy.  The acts of the defendant do not appear to be isolated or singular in

occurrence.  Defendant's IP address has been regularly and persistent observed associated with

the BitTorrent exchange of files.  (A record of such activity is available should the Court deem

such properly filed.)  This activity is likely ongoing.  If the defendant is maintaining plaintiffs'

work in the shared folder connected to the BitTorrent network and permitting continued access

throughout this time, the number of distributions of plaintiffs' work that might be attributed to

defendant would be countless.  However it is the experience of counsel that parties generally

promptly terminate infringing activity and further distribution as soon as they have notice of an

actual suit pending.  As such, expedited relief is warranted such that notice may be provided as

quickly as possible to at least limit further distribution and harm to plaintiffs.

///

///

## IV.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court grant its *Ex Parte* Motion for leave to take discovery prior to the Rule 26 conference and enter an Order allowing plaintiff to subpoena records from Comcast for the identity of the account holder assigned to the defendant's IP address and for such further reasonable discovery as may be needed.

DATED:  November 22, 2014.

/s/Carl D. Crowell
Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
(503) 581-1240
Of attorneys for the plaintiffs