1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                                DISTRICT OF OREGON

9
**VOLTAGE PICTURES, LLC**, a California        Case No.: 3:14-cv-1875-AC
10   Limited Liability Company, and **DALLAS**
**BUYERS CLUB, LLC**, a Texas Limited
11   Liability Company,
                                               DEFENDANT RYAN BLAKE'S ANSWER,
12                              Plaintiffs,     AFFIRMATIVE DEFENSES
                                               AND COUNTERCLAIMS
13   vs.

14   **RYAN BLAKE**,

15                              Defendant

16

17                          I.        ANSWER

18        Defendant Ryan Blake answers the allegations of plaintiffs' First Amended Complaint for

19   Copyright Infringement (hereinafter "Complaint") as follows:

20        1.      In response to Paragraph 1, the allegations of this Paragraph consist of statements

21   of intention and/or legal conclusions for which no answer is required.

22        2.      In response to Paragraph 2, the allegations of this Paragraph consist of legal

23   conclusions for which no answer is required. Ryan Blake denies that any alleged copyright

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 1

infringement for which he is responsible occurred and therefore denies that facts conferring

subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1338 exist as regards him

3.      In response to Paragraph 3, the allegations of this Paragraph consist of statements

of intention and/or legal conclusions for which no answer is required.

4.      In response to Paragraph 4, because Ryan Blake is unaware of the citizenship of

plaintiffs or their specific business structures, the allegations regarding venue conferred under 28

U.S.C. § 1391(b) are denied.  The allegations regarding venue conferred under 28 U.S.C. § 1400

are admitted.

5.      In response to Paragraphs 5, Ryan Blake is without information sufficient to

ascertain the truth of the allegations of this Paragraph. The allegation of this Paragraphs are

therefore denied.

6.      In response to Paragraph 6, Ryan Blake is without information sufficient to

ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

therefore denied.

7.      In response to Paragraph 7, Ryan Blake is without information sufficient to

ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

therefore denied.

8.      In response to Paragraph 8, Ryan Blake is without information sufficient to

ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

therefore denied.

9.      In response to Paragraph 9, the allegations of this Paragraph consist of statements

of intention and/or legal conclusions for which no answer is required.

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 2

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1    10.    In response to Paragraph 10, the allegations of this Paragraph consist of statements

2  of intention and/or legal conclusions for which no answer is required.

3    11.    In response to Paragraph 11, admitted.

4    12.    In response to Paragraph 12, admitted.

5    13.    In response to Paragraph 13, denied.

6    14.    In response to Paragraph 14, Ryan Blake is without information sufficient to

7  ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

8  therefore denied.

9    15.    In response to Paragraph 15, Ryan Blake is without information sufficient to

10  ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

11  therefore denied.

12    16.    In response to Paragraph 16, Ryan Blake is without information sufficient to

13  ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

14  therefore denied.

15    17.    In response to Paragraph 17, Ryan Blake is without information sufficient to

16  ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

17  therefore denied.

18    18.    In response to Paragraph 18, Ryan Blake admits that he subscribed for an internet

19  service account, and that his Internet Service Provider (ISP) has reported that it had assigned his

20  account IP address 76.115.109.21 as of the date and time alleged.  He is without information

21  sufficient to ascertain the truth of the remaining allegations of this Paragraph. The remaining

22  allegations of this Paragraphs are therefore denied.

23    19.    In response to Paragraph 19, Ryan Blake is without information sufficient to

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 3

ascertain the truth of the allegations of these Paragraphs. The allegations of these Paragraphs are therefore denied.

20.    In response to Paragraph 20, admitted.

21.    In response to Paragraph 21, Ryan Blake denies using BitTorrent to download or upload *Dallas Buyers Club* at any time. He admits that he has used BitTorrent for other purposes. He admits having very limited knowledge of copyright laws. He has no specific knowledge about the copyrights associated with *Dallas Buyers Club*.

22.    In response to Paragraph 22, Ryan Blake is without information sufficient to ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

23.    In response to Paragraph 23, Ryan Blake is without information sufficient to ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

24.    In response to Paragraph 24, the allegations of this Paragraph consist of statements of intention and/or legal conclusions for which no answer is required.

25.    In response to Paragraph 25, which consists of general statements not applicable to Ryan Blake, admitted.

26.    In response to Paragraph 26, which consists of general statements not applicable to Ryan Blake, admitted.

27.    In response to Paragraph 27, which consists of general statements not applicable to Ryan Blake, admitted.

28.    In response to Paragraph 28, which consists of general statements not applicable to Ryan Blake, admitted.

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 4

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1    29.    In response to Paragraph 29, which consists of general statements not applicable

2  to Ryan Blake, admitted.

3    30.    In response to Paragraph 30, which consists of general statements not applicable

4  to Ryan Blake, admitted.

5    31.    In response to Paragraph 31, which consists of general statements not applicable

6  to Ryan Blake, admitted.

7    32.    In response to Paragraph 32, which consists of general statements not applicable

8  to Ryan Blake, admitted.

9    33.    In response to Paragraph 33, which consists of general statements not applicable

10 to Ryan Blake, admitted.

11    34.    In response to Paragraph 34, which consists of general statements not applicable

12 to Ryan Blake, admitted.

13    35.    In response to Paragraph 35, which consists of general statements not applicable

14 to Ryan Blake, admitted.

15    36.    In response to Paragraph 36, which consists of general statements not applicable

16 to Ryan Blake, admitted.

17    37.    In response to Paragraph 37, Ryan Blake denies receiving any compensation.

18 Ryan Blake is without information sufficient to ascertain the truth of the remaining allegations of

19 this Paragraph.  The allegations of this Paragraph are therefore denied.

20    38.    In response to Paragraph 38, denied.

21    39.    In response to Paragraph 39, Ryan Blake is without information sufficient to

22 ascertain the truth of the allegations of this Paragraph. The allegations of this Paragraph are

23 therefore denied.

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1    40.    In response to Paragraph 40, denied.

2    41.    In response to Paragraph 41, Ryan Blake denies the allegations to the extent they

3  are made with specific reference to him.  Ryan Blake is without information sufficient to ascertain

4  the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are

5  therefore denied.

6    42.    In response to Paragraph 42, Ryan Blake denies the allegations to the extent they

7  are made with specific reference to him.  Ryan Blake is without information sufficient to ascertain

8  the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are

9  therefore denied.

10    43.    In response to Paragraph 43, Ryan Blake denies the allegations to the extent they

11  are made with specific reference to him.  Ryan Blake is without information sufficient to ascertain

12  the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are

13  therefore denied.

14    44.    In response to Paragraph 44, Ryan Blake denies the allegations to the extent they

15  are made with specific reference to him.  Ryan Blake is without information sufficient to ascertain

16  the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are

17  therefore denied.

18    45.    In response to Paragraph 45, Ryan Blake denies the allegations to the extent they

19  are made with specific reference to him.  Ryan Blake is without information sufficient to ascertain

20  the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are

21  therefore denied.

22    46.    In response to Paragraph 46, Ryan Blake denies the allegations to the extent they

23  are made with specific reference to him.  Ryan Blake is without information sufficient to ascertain

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

the truth of the remaining allegations of this Paragraph. The allegations of this Paragraph are therefore denied.

47.     In response to each of the Paragraphs 47 through 76, Ryan Blake denies the allegations of these Paragraphs.

## II.     AFFIRMATIVE DEFENSES

Ryan Blake hereby asserts the following affirmative defenses, which are pled in the alternative to the extent they may otherwise be determined mutually exclusive or inconsistent:

1.     One or more of plaintiffs' claims fail to state a valid claim upon which relief can be granted.

2.     This action is barred by plaintiffs' misuse of copyright.

3.     This action is barred by the doctrine of unclean hands.

4.     The damages sought in this action are grossly excessive and disproportionate to any actual damages claimed by plaintiffs. The claim for imposition of such damages violates the Due Process Clause of the U.S. Constitution, as interpreted in *BMW v. Gore*, 517 U.S. 559 (1996).

5.     Plaintiffs have failed to join one or more indispensable parties to this action.

6.     One or more defendants have been improperly joined to this action in violation of Fed.R.Civ.Pro. 20 and should be severed and/or dismissed from this action.

7.     The damages which plaintiffs claim are the result of the conduct of third parties over which Ryan Blake has no control.

## III.     COUNTERCLAIMS

In support of his counterclaims, Ryan Blake alleges as follows:

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 7

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

**Factual Background**

1.      For many years, it has been widely understood that an IP address, *per se*, is not a person or legal entity that is capable of committing copyright or trademark infringement.  It has also been widely understood that the remote detection and identification of an IP address correlated with suspected infringement is distinct from the identification of a specific person that has committed such infringement.

2.      When an Internet Service Provider (ISP) responds to a typical subpoena request for the identity of a "user" to whom it has temporarily assigned an IP address at a particular point in time, the ISP usually provides the name of the person or legal entity that, according to the ISP's records, is the listed subscriber for internet service as of the time in question.  The ISP typically provides no information about what specific person, if any, may have been using file-sharing software in connection with a given IP address at any particular point in time. Therefore, information provided by an ISP in response to a typical subpoena process such as that employed by plaintiffs in this action does not identify a specific person that has committed infringement at any particular point in time.

3.      In addition to the fundamental problem with ISP responses to typical subpoena processes, there are a variety of other widely known reasons why the remote detection and identification of an IP address correlated with suspected infringement does not accurately identify a specific person that has committed such infringement. This includes the very real possibility that the ISP subscriber's internet network was accessed by third parties that engaged in infringing acts without the subscriber's knowledge or permission. The use of an ISP subscriber's internet network in a manner that is unauthorized and unknown to the subscriber may be explained by numerous possibilities including: wireless "poaching;" "cracking" or circumvention of password

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 8

1  protections and other network security measures; network address translation; the use of

2  anonymous proxies; and "man-in-the-middle" attacks.

3      4.    In addition to the numerous technical explanations for possible mis-identification

4  of ISP subscribers as infringers, widely available demographic information has for years indicated

5  that listed ISP subscribers are relatively unlikely to be responsible for suspected infringement,

6  even when such suspected infringement is appropriately correlated with the subscriber's physical

7  address. In these circumstances, demographic information suggests, minor children who are not

8  capable of subscribing to ISP services are statistically more likely to have engaged in

9  infringement, often without the ISP subscriber's knowledge or permission.

10      5.    Plaintiffs, which have allegedly employed an "investigator" in gathering the

11  information supporting this action, purports in their Complaint to have wide-ranging knowledge

12  about internet communications protocols and the use of peer-to-peer networks. Therefore,

13  plaintiffs knew or should have known that they could have wrongfully identified Ryan Blake as

14  having committed the infringement alleged by plaintiffs.

15      6.    Ryan Blake has never viewed plaintiffs' motion picture, *Dallas Buyers Club*. He

16  has never knowingly downloaded or uploaded a computer file constituting or containing a copy

17  of *Dallas Buyers Club*. He has no specific knowledge that anyone else has done this using his

18  internet account or network. Ryan Blake has testified to his innocence under oath, in discovery

19  responses, and in countless other communications to plaintiffs' counsel. Disregarding these

20  statements, plaintiffs have persisted in their prosecution of this lawsuit against Ryan Blake.

21      7.    Despite what plaintiffs knew or reasonably should have known about the

22  possibility of misidentifying Ryan Blake as an infringer, plaintiffs failed to perform reasonable

23  and appropriate further investigation before naming Ryan Blake as a defendant in this lawsuit.

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 9

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

8.      Plaintiffs' suit against Ryan Blake was filed and prosecuted without a reasonable expectation of success on the merits. Plaintiffs' suit against Ryan Blake was filed as part of a pattern of similar suits filed without regard to the merits of individual claims. Upon information and belief, plaintiffs' suit intends to utilize the burdensome and expensive nature of the litigation process to coerce Ryan Blake to pay plaintiffs money in settlement; to intimidate him and others so that they might act in a manner which serves plaintiffs' financial interests; for purposes of general deterrence; and/or for other improperly-motivated purposes.

9.      Plaintiffs' unreasonable acts and omissions have caused Ryan Blake to expend unnecessary legal expenses, and have caused him to suffer anxiety and emotional distress. Plaintiffs' threat of massive damages that could mean financial ruin for Ryan Blake is deeply troubling and upsetting.

**Count 1**

**Declaration of Non-Infringement**

1.      Ryan Blake re-alleges paragraphs 1-9 of his counterclaims, above.

2.      Plaintiffs have asserted claims for copyright and trademark infringement against Ryan Blake that are false and erroneous.  Ryan Blake did not infringe plaintiffs' copyrights or trademarks.

3.      Ryan Blake respectfully requests that the court enter an order declaring that he has not infringed Plaintiffs' copyrights or trademarks.

**Count 2**

**Abuse of Legal Process**

1.      Ryan Blake re-alleges paragraphs 1-9 of his counterclaims, above.

2.      Plaintiffs' filing and continued prosecution of their false and erroneous claims for

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 10

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1  infringement against Ryan Blake are willful acts not proper in the regular conduct of these

2  proceedings.

3        3.     Plaintiffs' filing and continued prosecution of their false and erroneous claims for

4  infringement against Ryan Blake are aimed at illegitimate and ulterior purposes.  Plaintiffs are

5  using the burdensome and expensive nature of the discovery and litigation processes to coerce

6  Ryan Blake to pay plaintiffs money in settlement; to intimidate him and others so that they might

7  act in a manner which serves plaintiffs' financial interests; for purposes of general deterrence;

8  and/or for other improperly-motivated purposes.

9        4.     As a result of the foregoing conduct, Ryan Blake has suffered damages.

10  ### IV.    PRAYER FOR RELIEF

11  WHEREFORE, Ryan Blake prays for:

12      a.     Dismissal of plaintiffs' claims with prejudice;

13      b.     An order that plaintiffs shall be afforded no relief from its complaint herein;

14      c.     A declaration of non-infringement and injunctive relief;

15      d.     For all direct and consequential damages awardable pursuant to the counterclaims;

16      e.     Attorneys' fees and costs awardable under 17 U.S.C. § 505 and common law;

17      f.     For post-judgment interest on the entire judgment until paid in full; and

18      g.     For such other and further relief as the Court may deem just and equitable.

19  ### V.    JURY DEMAND

20  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ryan Blake hereby demands a

21  trial by jury.

22  ### VI.    RESERVATIONS

23  Defendant Ryan Blake reserves the right to assert third-party claims and additional

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 11

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1    counterclaims in the event that further investigation and discovery support them.

2        Respectfully submitted this 27th day of May, 2015.

3                                By:  */s/ Benjamin Justus*
                                      Benjamin R. Justus (admitted *pro hac vice*)
4                                     Lory R. Lybeck, OSB #832761
                                      Attorneys for Defendant Ryan Blake
5                                     Lybeck Pedreira & Justus, PLLC.
                                      Fifth Floor – Chase Bank Building
6                                     7900 SE 28th Street
                                      Mercer Island, WA 98040
7                                     (206) 230-4255 /phone
                                      (206) 230-7791 /fax

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 12

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA  98040-6004
206-230-4255   Fax 206-230-7791

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on this 27th day of May, 2015, I electronically filed the foregoing

3   Defendant Ryan Blake's Answer, Affirmative Defenses And Counterclaim with the Clerk of the

4   Court for the United States District Court for the District of Oregon by using the CM/ECF system,

5   which will cause service to be issued upon all parties of record whom are participants in the system.

6      Respectfully submitted this __27th__ day of May, 2015.

7

8            */s/ Margaret K. Sheridan*
             Margaret K. Sheridan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CASE NO. 3:14-CV-1875-AC
DEFENDANT RYAN BLAKE'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS - 13

Lybeck, Pedreira & Justus, PLLC
Fifth Floor – Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255   Fax 206-230-7771