Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** and **DALLAS BUYERS CLUB, LLC**,<br>　　　　Plaintiffs,<br><br>v.<br><br>**RYAN BLAKE,**<br><br>　　　　Defendant. | Case No.: 3:14-cv-1875-AC<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTIONS AGAINST ANSWER AND COUNTERCLAIMS -<br>SPECIAL MOTION TO STRIKE: ORS 31.150; FRCP 9(b); FRCP 12(b)(6); FRCP 12(f) |

**Plaintiff's Reply**

Plaintiffs herein submit their Reply in support of the pending Motion to Strike (Dkt. 23).

I. **INTRODUCTION**

Defendant's opposition to plaintiffs' motions takes four main points of attack:

1) Defendant questions whether or not the defendant is the actual liable party.

2) Defendant argues that plaintiffs' investigations may be inaccurate.

3) Defendant argues that plaintiffs' tactics are abusive.

4) Defendant challenges the defined law for the counterclaims and affirmative defenses plaintiff which moves to strike.

For the reasons argued below, none of defendant's arguments have merit. Plaintiff's motion is properly granted and the filed counterclaims and affirmative defenses should be struck.

## II. ARGUMENT

### a. A dispute of liability is not a basis for supporting invalid counterclaims or affirmative defenses.

Before the Court are questions as to the legal sufficiency of claims and affirmative defenses, not the facts that may or may not support liability. The defendant attempts to attack plaintiffs' motion by arguing liability, which is irrelevant to whether or not the defendant's counterclaims and affirmative defenses are properly struck. All such arguments should be disregarded.

Regardless, even the transcript submitted in support of the defendant's arguments raise questions and provide inconsistencies, including:

> **Q.    Have you ever used BitTorrent?**
> **A.    No.**
> Q.    You've never BitTorrented -- or never used BitTorrent to obtain any files?
> A.    It's not illegal.
> Q.    I'm asking you if you've ever used BitTorrent to obtain files, and your answer earlier was no, and I want to clarify. That is your position, you've never used BitTorrent?
> **A.    I have used BitTorrent, yes.**

Dkt. 26-1, p. 2 of 9 (emphasis added).

And:

> Q.    So now you're saying that you had a simple password under Wi-Fi, anybody could have hacked it, and that's your excuse for the content being associated with your Internet. Correct?
> A.    Yes.
> Q.    So you claim that you're not involved with

> any of the BitTorrent activity associated with your
> Internet address because you had a simple password on
> your Wi-Fi and somebody could have hacked it.
> Correct?
> A.    Correct. We live in apartments. We have
> 150 people within the radius of our Wi-Fi signal.

Dkt. 26-1, p. 7 of 9.

Yet the evidence in this case is the actual password was an alpha-numeric password of between 14 and 16 characters that could never be considered "simple." A further review of the full transcript and other evidence of this case reveals additional inconsistencies and outright falsehoods. While liability is not material to plaintiff's motion to strike, there is more than sufficient evidence for a jury to find in favor of plaintiffs based solely on the existing submissions by defendant.

Whether or not the defendant is liable, should not be an issue, but in this case even the limited evidence submitted tilts in plaintiffs' favor.

      **b.    Plaintiffs' investigations have a proven track record.**

Like liability, the accuracy of plaintiff's investigations should be irrelevant to whether or not the defendant's counterclaims and affirmative defenses are properly struck. But as per the clear before this court:

> Based on Plaintiffs' successful identification of defendants in the vast majority of the cases it has filed in 2014, the court finds it likely that the requested discovery will uncover the identity of the defendant in this case as well.

*Voltage et al. v. Doe*, 3:14-cv-1872-AC, Dkt. 21 (April 9, 2015.)

Regardless, should the defendant wish to challenge the validity of the evidence supporting plaintiffs' claims, this is neither the time nor the manner. Insufficient evidence may give rise to claims for relief by a defendant, but insufficient evidence is not a basis to support either of the counterclaims plead or create a basis for any of the asserted affirmative defenses.

### c. Plaintiff's tactics are not abusive.

It is true that BitTorrent copyright litigation, and in particular litigation associated with the downloading of pornography, has been found to be abusive in the past. But this case is not about pornography, and any time the allegation of abuse has been explored in this District, it has been found that there is simply no support for such claims.

Defendant relies on a number of cases that in isolation support their position, but in context fall short. Defendant's claims and exemplars simply further the unsupported hyperbole that drives the very vexatious and untenable counterclaims and improper pleadings which are the subject of plaintiffs' motions. As per the record before this court, for every isolated incident from around the country on which the defendant may rely arguing abuse, there are multiple confirmed judgments in this district of admitted infringers without any evidence abuse. Further, even those cases relied on by the defendant, in context, often support the plaintiff's position.

In *Voltage et al. v. Does*, 3:13-cv-00295-AA (D. Or., May, 2013) Chief Judge Aiken provides the defendant with a good quote that related to one of plaintiff Voltage's first cases filed in this district. The judge's observations were clearly tempered by the conduct of other plaintiffs in other districts and the countless anecdotes such as those submitted by the defendant. But it should be acknowledged that in that case, contrary to the Judge's concerns that there would be no actual enforcement of rights, plaintiffs obtained multiple consent judgments securing their rights against infringers, and a judgment in plaintiffs' favor against the final severed singular defendant. After a number of cases in this District and after the actual conduct of the plaintiff was apparent and examined, Chief Judge Aiken has noted there is no abuse in the cases in this District, and found that claims such as those of the defendant related to "others in other cases" and claims such as the defendant in this case "essentially seek[] to have defendant represent a

large class of users subject to misuse to which he has not been subjected." *Voltage v. Revitch*, 6:14-cv-00301-AA (D. Or., January 23, 2015).

Defendant's reliance on *Elf-Man v. Cariveau*, 2:13-cv-00507-RSL (W.D. Wa. Jan, 17, 2014) is similarly misplaced. It is true that in an initial order Judge Lasnik in Washington dismissed that BitTorrent infringement case for failure to state a claim when faced with many of the arguments presented by defendant in this case. What is ignored by parties that wish to rely on this opinion is that Judge Lasnik granted leave to amend, and on amendment, plaintiff prevailed and a permanent injunction was entered in favor of the plaintiff. 2:13-cv-00507-RSL (W.D. Wa. March 12, 2014). In another similarly dismissed co-pending "sister" BitTorrent case, once fully apprised of the true nature of the litigation before him, Judge Lasnik invited, "Plaintiff may have additional information regarding individual defendants that would provide the necessary heft to its factual allegations of personal involvement and/or intent and should be given an opportunity to remedy the deficiencies identified by the Court." *The Thompsons Film v. Does*, 2:13-cv-00560-RSL (W.D. Wa. Feb. 14, 2014) (This case also resulted in a final judgment in plaintiff's favor.)

The defendant may have isolated instances of opinions that support their argument that BitTorrent litigation is abusive, and such incidents surely do occur. But the regular cries of the infringers that are hailed into court in this District ring false under examination. The conduct of BitTorrent plaintiffs in this District, and in particular the conduct of plaintiffs' counsel, has been found proper and the claims of abuse and threats borne from Internet fear-mongering are without basis, often causing defendants notable harm in the form of costs and fees associated with needlessly pleading counterclaims and affirmative defenses such as in this case. *See, Elf-Man, LLC v. Does*, 6:13-cv-00331-TC (D. Or., Nov. 25, 13). ("Doe 19 does not demonstrate any attempts to "extort" money from her and the court is unaware of any authority for an award of

attorney fees to a party who points out that some unrelated Doe defendant in a related case received a threatening letter demanding settlement pre-service. … There is no showing that plaintiff attempted to coerce an unfair settlement from Doe 19.")

As has been determined in a sister case in this District, plaintiffs' "action was not frivolous, was motivated by Plaintiffs' desire to protect their copyright interests, and reasonably sought to recover compensation for, and deter future, copyright infringement." *Voltage Pictures and Dallas Buyers Club v. Pecsok*, 3:14-cv-01407-AC (April 29, 2015).

The concern for abuse in any litigation is real and fair. But time and time again the abuse flag has been waived in this District with respect to BitTorrent litigation and there has been no actual evidence of abuse by plaintiffs. To the contrary, to the extent there may be abuses related to BitTorrent litigation in this District, such abuses tend to be on the part of defendants who raise meritless defenses and counterclaims, driving up costs and fees, only to then plead poverty when faced with final proof of liability.

This Court should be wary of litigation abuse, but the watchful gaze of the Court should be cast on all parties equally.

> **d. Defendant's counterclaims and affirmative defenses are simply contrary to established law and must be struck.**

The merits of the defendant's counterclaims and affirmative defenses are the only real issues that should concern the Court at this stage in the proceedings. On review of defendant's arguments, it is clear that plaintiffs' motions are proper and the counterclaims and affirmative defenses should be struck.

> > *i. The counterclaim for Abuse of Legal Process is properly struck.*

In presenting a claim for Abuse of Legal Process, the defendant conflates what they present as a claim for abusive litigation, with the common law tort of Abuse of Legal Process.

As argued above, there is no real abuse in this or any related litigation in this District. Simply claiming that litigation is difficult, arguing that the defendant might not be liable, or that litigation is expensive and a burden does not give rise to an Abuse of Legal Process claim. If it did, then almost *every case filed* would subject a plaintiff to an Abuse of Process claim and further clog the courts with the cries of each and every defendant.

Abuse of Legal Process does not mean litigation is difficult or burdensome, it requires something more. Abuse of Legal Process requires the plaintiff attempt to extort something outside the scope of the litigation. The only relief plaintiffs seek in this case is directly related to this litigation and the enforcement of plaintiffs' rights.

Defendant's reliance on *Andersen v. Atlantic Recording Corp.* 3:07-cv-00934-RB, (D.Or., May 4, 2012)(Same counsel as present defendant's counsel) in support of this claim is misplaced. *Andersen v. Atlantic Recording Corp.* (I & II) is a sordid tale of an early downloading case involving multiple actions and over a dozen claims filed by a party accused of downloading music, including initially a claim for "outrage." After the first three complaints and the majority of the claims were struck, in a fourth Complaint Andersen submitted a claim for Abuse of Legal Process which included the allegation the record company was suing not to enforce its copyrights, but, "…for the primary unlawful purpose of intimidating Plaintiff and the general public in order to maintain and preserve as long as possible their monopolistic control over the world's market for the distribution of sound recordings." *Andersen v. Atlantic Recording Corp.* 3:07-cv-00934-RB, p. 24 of 62, (D.Or., May 4, 2012). The Court in Andersen narrowly and questionably allowed a claim for Abuse of Legal Process to stand on the extremely limited allegation that the defendant record company intentionally failed to reasonably investigate a third party who might have been the infringer for the purposes of securing an unjustified settlement from Andersen. Unlike Andersen, the defendant in this case lacks the

questionably plausible, but factually specific, basis for a claim of Abuse of Legal Process allowed in *Andersen*. The defendant in this case cannot make the same allegation because the third party in this case was investigated and the investigation, if anything, implicates the defendant.

Defendant's submitted counterclaim for Abuse of Legal Process is both insufficient as a matter of law and cannot be plausibly submitted. Even if amended, defendant would not be able to thread the narrow needle allowed in *Andersen* as there is no unjustified settlement demanded and the third party at issue has been investigated. The counterclaim must be struck.

### ii. The counterclaim for non-infringement is properly struck.

Carefully parsed in defendant's argument that no "binding precedent" can be found in plaintiff's favor to dismiss a counterclaim for pure non-infringement is the implicit acknowledgement that the opinions that have examined this issue have affirmed that the declaratory judgment act is limited to *further* relief and there is no basis for the claim to be allowed. 28 U.S.C. § 2201. Defendant's counterclaim for non-infringement does not request any further relief beyond denying liability. There is nothing the defendant seeks under a claim of non-infringement that is not available in the adjudication of plaintiff's claims and therefore the requested relief, as a matter of law, is beyond the limits of the declaratory judgment statute and must be struck.

### iii. Defendant's affirmative defenses are properly struck.

Defendant presents a number of arguments with respect to affirmative defenses, but misapplies and misunderstands the fundamental nature of an affirmative defense. It is not an affirmative defense to deny liability, nor is it an affirmative defense to argue damages. *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Affirmative defenses are limited to required defenses that relate to the *avoidance* of liability on an extrinsic basis, such as

those listed in FRCP 8c.  *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986)("An affirmative defense raises matters extraneous to the plaintiff's prima facie case.").  Affirmative defenses also require sufficient particularity to permit them to be addressed.  *Gessele v. Jack in the Box, Inc.*, 3:10-cv-00960-ST (D. Or., Sept. 2, 2011)("…the majority of district courts across the country have extended *Twombly's* plausibility standard to affirmative defenses.")  Simply calling a vague argument an affirmative defense does not graduate the argument to one that might avoid liability.

As a matter of law, the defendant has failed to plead any legitimate affirmative defenses and the allegations plead are insufficient both legally and factually to support any claim or defense.  To avoid prejudice to plaintiff, the pleadings presented as affirmative defenses are properly struck.  *EEOC v. Bay Ridge Toyota, Inc.*, 327 F.Supp.2d 167, 173 (E.D.N.Y. 2004)(Permitting affirmative defenses that have no possibility of succeeding will prejudice the Plaintiff by "needlessly lengthening and complicating the discovery process and trial of this matter.").

### III. CONCLUSION

Striking the defendant's plead counterclaims and affirmative defenses is proper under the rules and the law.  Striking the defendant's plead counterclaims and affirmative defenses takes nothing from the defendant other than false hope and the color right that despite their wrongful conduct, they might somehow avoid liability (FRCP 8c) or have some offsetting counterclaim (Rule 13) against plaintiff that might possibly mitigate their liability.

Actions such as this should be presented for resolution on the merits of actual and legitimate claims and defenses lest parties needlessly rally behind paper tigers in attempts to excuse their conduct, burden plaintiffs, and further clog the courts.

Accordingly, the noted portions of the answer, the affirmative defenses and all of the counterclaims should be struck and costs and fees awarded to plaintiff. ORS 31.152(3).

DATED: June 22, 2015.

Respectfully submitted,

CROWELL LAW

/s/ Carl D. Crowell
Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
P.O. Box 923
Salem, OR 97308
Tel: (503) 581-1240
