UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

VOLTAGE PICTURES, LLC, and
DALLAS BUYERS CLUB, LLC,

                                    3:14-cv-1875-AC

                    Plaintiffs,          OPINION AND ORDER

        v.

RYAN BLAKE,

                    Defendant.

---

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiffs Voltage Pictures, LLC ("Voltage") and Dallas Buyers Club, LLC ("DBC")
(collectively "Plaintiffs") filed a complaint against Ryan Blake ("Blake") alleging violations of
federal copyright law and state trademark law.  Plaintiffs seek injunctive and monetary relief,
including fees and costs.  In his answer, Blake asserted several affirmative defenses and two
counterclaims against Plaintiffs.

    Currently before the court is Plaintiffs' motion to strike all of Blake's affirmative
defenses, dismiss his counterclaims, and strike certain allegations from his answer.  For the

reasons that follow, the court grants Plaintiffs' motion to dismiss under Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(6), denies Plaintiffs' state-law special motion to strike as moot, and grants in part and denies in part Plaintiffs' motion to strike under Rule 12(f).

### Factual Background

DBC holds the copyright to the motion picture *Dallas Buyers Club*. (First Am. Compl. ("Am. Compl."), ECF No. 10, ¶¶ 8-9.) *Dallas Buyers Club* is also branded with Voltage's trademark, which is registered in Oregon. (*Id.* ¶¶ 14-17.) Plaintiffs observed electronic distribution of *Dallas Buyers Club* using the BitTorrent client, a peer-to-peer file sharing service, from an Internet Protocol ("IP") address assigned to Blake. (*Id.* ¶ 18) This electronic distribution gives rise to Plaintiffs' claims for copyright and trademark infringement. (*Id.*)

### Procedural Background

Plaintiffs filed their lawsuit on November 22, 2014, naming "Doe-76.115.109.21" — Blake's IP address — as the defendant. (Compl., ECF No 1.) After limited discovery from Blake's Internet Service Provider, Plaintiffs amended their complaint to name Blake as defendant. (Am. Compl. ¶ 18.) Blake answered Plaintiffs' complaint; he denied liability and counterclaimed seeking damages for abuse of process and a declaration of non-infringement. (Def. Ryan Blake's Answer, Affirmative Defenses, & Countercl. ("Answer"), ECF No. 21.) Blake also asserted affirmative defenses, specifically:

1. One or more of plaintiffs' claims fail to state a valid claim upon which relief can be granted.

2. This action is barred by plaintiffs' misuse of copyright.

3. This action is barred by the doctrine of unclean hands.

4. The damages sought in this action are grossly excessive and disproportionate to any actual damages claimed by plaintiffs. The claim for imposition of such

damages violates the Due Process Clause of the U.S. Constitution, as interpreted in *BMW v. Gore*, 517 U.S. 559 (1996).

5. Plaintiffs have failed to join one or more indispensable parties to this action.

6. One or more defendants have been improperly joined to this action in violation of [FED. R. CIV. P.] 20 and should be severed and/or dismissed from this action.

7. The damages which plaintiffs claim are the result of the conduct of third parties over which Ryan Blake has no control.

(Answer at 7.)

Plaintiffs now move against all of Blake's affirmative defenses and counterclaims. (Pl's Mots. Against Answer & Countercl. ("Mot."), ECF No. 23.) Plaintiffs argue Blake's counterclaims fail to state plausible claims for relief. Plaintiffs challenge certain allegations and affirmative defenses as insufficiently pleaded under Rule 9. Plaintiffs also ask the court to strike Blake's affirmative defenses as insufficient or immaterial.

*Legal Standards*

I.  Motion to Dismiss

A well-pleaded counterclaim requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A [counterclaim] has facial plausibility when the [counterclaim defendant] pleads factual content that allows the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court must assume all facts alleged in a counterclaim are true and view them in the light most favorable to the counterclaim defendant. *See id.* The court need not accept legal conclusions set forth in a counterclaim. *Id.*

{TJP}

II. ORS 31.150 Special Motion to Strike

A special motion under Oregon Revised Statutes ("ORS") § 31.150 allows a litigant "who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten v. Steel*, 222 Or. App. 17, 27 (2008). This motion is commonly known as an "Anti-SLAPP" motion, short for "strategic lawsuits against public participation." An Anti-SLAPP motion is available to litigants in federal court to further "the twin purposes of the *Erie* rule — discouragement of forum-shopping and avoidance of inequitable administration of the law . . . ." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)) (applying California's Anti-SLAPP law to actions in federal court); *see also Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) (applying Oregon's Anti-SLAPP law). Oregon's Anti-SLAPP law creates a two-step process. First, the movant must show the challenged claim arises out of an activity protected by the statute, specifically:

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

> (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Or. Rev. Stat. § 31.150(2) (2013).

Then, the non-moving party must "present[] substantial evidence to support a *prima facie* case." OR. REV. STAT. § 31.150(3). The evidentiary showing serves to "weed out meritless claims meant to harass or intimidate — not to require that a plaintiff prove its case before being allowed to proceed further." *Young v. Davis*, 259 Or. App. 497, 508 (2013). Therefore, the court "may consider defendant's evidence only insofar as necessary to determine whether it defeats plaintiff's claim as a matter of law." *Id.* at 509.

If the non-moving party cannot make a *prima facie* showing of its claim, the challenged claim is dismissed without prejudice. OR. REV. STAT. § 31.150(5). Otherwise, the case proceeds. *Id.* § 31.150(3). A prevailing Anti-SLAPP movant is entitled to attorney's fees. *Id.* § 31.152(3); *Northon*, 637 F.3d at 938-39.

III.  Motion to Strike

Rule 12(f) allows a court to, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A defense may be insufficient "as a matter of pleading or as a matter of substance." *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C–04–3133 MMC, 2005 WL 645592, at *1 (N.D. Cal. Mar. 4, 2005). "A showing of prejudice is not required to strike an 'insufficient' portion of the pleading as opposed to 'redundant, immaterial, impertinent, or scandalous matter' under Rule 12(f)." *Bottoni v. Sallie Mae, Inc.*, No. C 10–03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011). A showing of prejudice "can arise from allegations that evince delay or confusion of the issues." *Red Sky AG, LLC v. Curry & Co., Inc.*, No. 3:14-CV-01655-TC, 2015 WL 4571246, at *4 (D. Or. July 28, 2015) (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)).

*Discussion*

Plaintiffs challenge Blake's counterclaims using two procedural mechanisms: a motion to dismiss under FRCP 12(b)(6) and a special motion to strike under ORS § 31.150. The court first considers Plaintiff's motion to dismiss, because claims that fail to state a plausible claim for relief would necessarily fail under the heightened special motion to strike standard. The court then will consider Plaintiffs' special motion to strike as to any remaining counterclaims. Finally, the court will decide Plaintiffs' FRCP 12(f) motion to strike Blake's affirmative defenses and remaining counterclaims.

I.  Motion to Dismiss — FED. R. CIV. P. 12(b)(6)

Blake asserts two counterclaims against Plaintiffs: a claim for a declaratory judgment of non-infringement and a claim for abuse of process. Plaintiffs move to dismiss Blake's counterclaims under Rule 12(b)(6), arguing both counterclaims fail to state a plausible claim for relief.

A.  *Declaration of non-infringement*

Plaintiffs seek to dismiss Blake's counterclaim for a declaration of non-infringement. Plaintiffs argue this claim is beyond the scope of the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, because it is redundant in light of Plaintiffs' complaint. (Mot. 6-7.) Specifically, Plaintiffs contend 28 U.S.C. § 2201(a) does not authorize counterclaims for redundant declaratory relief.

Blake's counterclaim for declaratory judgment is valid. The relevant language of 28 U.S.C. § 2201(a) is as follows: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief

is or could be sought." The plain text of § 2201(a) shows Blake states a valid claim. He seeks a declaration "he has not infringed on Plaintiffs' copyrights or trademarks." (Mot. 10.) Plaintiffs do not contest copyright and trademark infringement are "case[s] of actual controversy" within the jurisdiction of this court. (*See* Am. Compl. ¶¶ 47-74 (alleging copyright and trademark infringement as causes of action within the jurisdiction of this court).) Given "a case of actual controversy," the statute allows the court to declare the rights of any interested party notwithstanding the availability of further relief. 28 U.S.C. § 2201(a) (allowing declaratory relief "whether or not further relief is or could be sought"). Availability to "further relief" is immaterial to a claim for declaratory relief. *Id.*

The court exercises its discretion to strike Blake's counterclaim for declaratory relief, despite the counterclaim's facial validity. A federal court has discretion over whether to hear a claim for declaratory relief. 28 U.S.C. § 2201(a); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). Courts often use their discretion under the Declaratory Judgment Act to strike or dismiss redundant counterclaims that serve no useful purpose. *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (collecting cases). Though redundancy never requires dismissal of a declaratory counterclaim, a court should dismiss a redundant counterclaim with no useful purpose when "it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Id.* (quoting *Pettrey v. Enterprise Title Agency, Inc.*, No. 1:05-cv-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006)).

Blake's counterclaim is redundant. Plaintiffs allege Blake infringed on Plaintiffs' copyright and trademarks. (Am. Compl. ¶¶ 47-74.) Blake's counterclaim seeks a declaration he has not infringed on Plaintiffs' copyright or trademarks. (Answer 10.) The counterclaim raises

the same factual and legal issues as the complaint.   Accordingly, a judgment on Plaintiffs' complaint will fully resolve the declaratory counterclaim.   *See Stickrath*, 2008 WL 2050990, at *4-5;  *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824WJMA, 2007 WL 4612921, at *4 (S.D. Cal. Dec. 28, 2007).

Furthermore, Blake's counterclaim serves no useful purpose because it does not seek relief beyond the relief Plaintiffs seek in the complaint.   The counterclaim does not challenge the validity of Plaintiffs' trademarks or copyrights.   *Cf. Castaline v. Aaron Mueller Arts*, No. C 09-02543 CRB, 2010 WL 583944, at *2 (N.D. Cal. Feb. 16, 2010) (allowing a counterclaim contesting the validity of a trademark). The counterclaim also does not clarify an issue that would remain following a judgment.   *Cf. Righthaven LLC v. Choudhry*, No. 2:10-CV-2155 JCM PAL, 2011 WL 1743839, at *5 (D. Nev. May 3, 2011) (allowing a counterclaim seeking declarations with greater detail than a judgment on an infringement claim).

In sum, while Blake has alleged a valid counterclaim under the Declaratory Judgment Act, the counterclaim is redundant and serves no useful purpose.   The court exercises its discretion to dismiss Blake's counterclaim for declaratory relief.

### B.  Abuse of process

Blake alleges a counterclaim for abuse of process.  (Answer 7.)  Plaintiffs contend Blake fails to state a viable claim for abuse of process.  (Mot. 7-9.)  The parties contest the elements of the tort of abuse of process.   As explained below, the elements of abuse of process are dispositive of Blake's counterclaim.

The parties agree that under Oregon law abuse of process "first requires an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." *Larsen v. Credit Bureau, Inc. of Georgia*, 279 Or. 405, 408 (1977).  However,

Plaintiffs contend Oregon law also requires "an actual arrest or seizure of property," which Blake does not allege. (Mot. 7, 9.) In response, Blake argues the elements listed in *Larsen* are the only requirements. (Resp. 9.)

When deciding a question of Oregon law under the *Erie* doctrine, the court must follow the decisions of the Oregon Supreme Court. *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015). In absence of a controlling decision, the court determines what the Oregon Supreme Court would decide based on "state appellate court opinions, statutes and treatises." *Id.*

Based on post-*Larsen* rulings of the Oregon Court of Appeals, the court agrees with Plaintiffs that an "actual arrest or seizure of property" is a necessary element of abuse of process. *Larsen* involved the seizure of property, although the court never discussed or decided whether an "actual arrest or seizure of property" is an element of abuse of process. 279 Or. at 408. (defendant garnished plaintiff's bank account). After *Larsen*, the Court of Appeals held a claim for abuse of process requires "actual arrest or seizure of property." *Reynolds v. Givens*, 72 Or. App. 248, 256 (1985); *Lee v. Mitchell*, 152 Or. App. 159, 179 (1998). The Oregon Court of Appeals and Supreme Court have not overruled *Reynolds*. To the contrary, the *Lee* court reiterated arrest or seizure as an element of abuse of process. *Lee*, 152 Or. App. at 179.

Courts in this district disagree in applying an arrest or seizure requirement to abuse of process claims. *Compare Acro-Tech, Inc. v. Robert Jackson Family Trust*, No. 01-447-KI, 2001 WL 1471753, at *8 (D. Or. Sept. 6, 2001) (requiring arrest or seizure) *with Andersen v. Atl. Recording Corp.*, No. 07-CV-934-BR, 2010 WL 1798441, at *9-10 (D. Or. May 4, 2010) (not requiring arrest or seizure). Nonetheless, Oregon law requires "actual arrest or seizure of

property" as part of an abuse of process claim. Blake does not allege any arrest seizure of property. (Answer 9-10.) Accordingly, his claim is dismissed.[1]

## II. Special Motion to Strike

Plaintiffs challenge both of Blake's counterclaims through this motion. (Mot. 4-5.) Special motions to strike serve two purposes: expedited dismissal of nonmeritorious claims and attorney's fees for prevailing movants. The court's ruling on Plaintiffs' motion to dismiss disposes of the first purpose, but it does not resolve Plaintiffs' entitlement to attorney's fees. The fee provision of Oregon's Anti-SLAPP statute is an important component of Oregon's statutory scheme to protect public participation. *Northon*, 637 F.3d at 938-39. The court therefore considers Plaintiffs' special motion to strike under Oregon's Anti-SLAPP law, ORS § 31.150.

### A. Declaration of Non-Infringement

Blake's declaratory counterclaim is not subject to a special motion to strike. For a claim to be subject to a special motion to strike, the claim must arise out of speech protected by the Anti-SLAPP statute. OR. REV. STAT. § 31.150(2). Plaintiffs attack Blake's counterclaims as arising out of statements in judicial proceedings. While statements in judicial proceedings are protected under ORS § 31.150(1), Blake's factual basis for this counterclaim is his pre-suit conduct. (Answer ¶ 21.) Specifically, the counterclaim seeks a declaration that Blake did not infringe on Plaintiffs' copyright and trademarks. (Answer 9-10.) Plaintiffs' statements in this

---

[1] Nor does Blake state a claim for wrongful initiation of civil proceedings. That cause of action does not require an arrest or seizure of property, but does requires termination of the underlying proceeding in the plaintiff's favor. OR. REV. STAT. § 31.230(3) ("A claim for damages for wrongful use of a civil proceeding shall be brought in an original action after the proceeding which is the subject matter of the claim is concluded."). Blake's claim arises out of this action, which has not terminated. Accordingly, Blake cannot state a claim for misuse of civil proceedings.

action do not form the factual basis for Blake's counterclaim for declaratory relief. Thus, this counterclaim is not subject to a special motion to strike.

### B. Abuse of Process

Blake's counterclaim for abuse of process fails under the heightened standard of a special motion to strike. First, Blake's counterclaim satisfies the first step in the Anti-SLAPP motion analysis because it arises out of speech protected under ORS § 31.150(2). A claim for abuse of process necessarily arises out of oral and written statements made in connection with a judicial proceeding. *See Larsen*, 279 Or. at 408 (abuse of process claims must involve judicial process). Such statements are protected activities under Oregon's Anti-SLAPP statute. *See* OR. REV. STAT. § 31.150(2)(a). Second, Blake is unable to present a *prima facie* case of abuse of process without alleging arrest or seizure of property. *Reynolds*, 72 Or. App. at 256. A counterclaim that does not state a cognizable claim for relief necessarily fails on the second step of the Anti-SLAPP analysis, because a litigant cannot present a *prima facie* case for a non-cognizable claim. *See Mullen v. Meredith Corp.*, 271 Or. App. 698, 708-10 (2015) (a party cannot demonstrate a probability of prevailing on a non-cognizable claim). Plaintiffs assert a successful special motion to strike under the Anti-SLAPP statute, and are entitled to reasonable attorney fees with regard to the motion as prevailing movants. OR. REV. STAT. § 31.152(3); *Northon*, 637 F.3d at 938-39.

### C. Documentation of fees and costs

A party moving for attorney fees in federal court must "state the amount sought or provide a fair estimate of it." FED. R. CIV. P. 54(d)(B)(iii). This district's local rules contain additional requirements regarding motions for attorney fees. LR 54-3. Plaintiffs did not include in their motion any information about the amount of fees sought. (Mot. 14.) Without this

information, the court cannot quantify an award of fees.  FED. R. CIV. P. 54(d)(B)(iii).

Accordingly, the court grants in part Plaintiffs' motion for fees, but defers ruling on an amount

of fees until Plaintiffs comply with FRCP 54 and Local Rule 54-3.

III.  Motion to Strike — FED. R. CIV. P. 12(f)

  Plaintiffs move to strike the phrase "false and erroneous claims" from Blake's answer, all

of Blake's affirmative defenses, and specific allegations supporting Blake's counterclaims under

FCRP 12(f).

  *A.  "False and erroneous" claims*

  Plaintiffs seek to strike "all non-specific references to 'false and erroneous claims'" from

Blake's answer.  The challenged phrase appears only in Blake's counterclaims. (Answer 10-11.)

As discussed above, both of Blake's counterclaims are dismissed.  Plaintiffs motion is denied as

moot.

  *B.  Affirmative Defenses*

  Plaintiffs also move to strike all of Blake's affirmative defenses as insufficient or

immaterial.  Generally, an affirmative defense must give fair notice of the nature of the defense

and its factual basis.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) (requiring notice of a claim and its factual basis)).

Affirmative defenses alleging fraud are also subject to the more stringent requirements of FRCP

9(b).  *Glas-Weld Sys., Inc. v. Boyle*, No. 6:12-CV-02273-AA, 2013 WL 1900650, at *1 (D. Or.

May 4, 2013).  This court and a majority of other district courts in this circuit also apply the

*Twombley* and *Iqbal* plausibility requirements to affirmative defenses.  *See, e.g.*, *Hayden v.*

*United States*, No. 3:14-CV-1060-AC, 2015 WL 350665, at *6 (D. Or. Jan. 26, 2015).

Accordingly, an affirmative defense must give notice of the nature of the defense and provide a plausible factual basis for the defense. *Id.*

Plaintiffs argue Blake's affirmative defenses either are either insufficiently pleaded to provide fair notice of the defense under FRCP 8(c), insufficiently pleaded with particularity under FRCP 9(b), or legally invalid. Blake contends his defenses are sufficiently pleaded and valid affirmative defenses. Where Plaintiffs argue a defense is insufficiently pleaded under FRCP 9(b), the court will first consider the defense under the less-rigorous FRCP 8(c) standard.

### 1. Failure to state a claim

Plaintiffs allege this defense is improperly pleaded. The court agrees. Failure to state a claim is not an affirmative defense. Affirmative defenses raise matters extraneous to the complaint. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010). Failure to state a claim is a denial of the allegations in a complaint, raising no extraneous issues. *See Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 288 (N.D. Cal. 2015). Accordingly, failure to state a claim is not a proper affirmative defense. *Id.* The court grants Plaintiffs' motion to strike Blake's first affirmative defense.

### 2. Misuse of copyright

Plaintiffs seek to strike Blake's misuse of copyright defense for failure to comply with the heightened pleading requirements for allegations of fraud. Blake's misuse of copyright defense fails under either the Rule 9(b) or Rule 8 standard. His misuse of copyright defense does not include a factual basis. *See Hayden*, 2015 WL 350665, at *6 (requiring a factual basis for affirmative defenses). To raise a misuse of copyright defense, Blake must plausibly allege anti-competitive use of copyrights. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir.

{TJP}

2011) (stating criteria for the copyright misuse doctrine). The court grants Plaintiffs' motion to strike Blake's misuse of copyright defense with leave to amend.

### 3. Unclean hands

Blake's unclean hands defense also fails under either Rule 9(b) or Rule 8. An unclean hands defense requires plausible allegations of inequitable conduct relating to the subject matter of this action. *See Hayden*, 2015 WL 350665, at *6 (requiring a factual basis for affirmative defenses); *Republic Molding Corp. v. B. W. Photo Util.*, 319 F.2d 347, 349 (9th Cir. 1963) (stating criteria for unclean hands defense). Blake's unclean hands defense does not include a factual basis. (Answer 7.) The court grants Plaintiffs' motion to strike Blake's unclean hands defense with leave to amend.

### 4. Excessive damages

Blake asserts the potential for unconstitutionally excessive damages as an affirmative defense. He relies on *BMW v. Gore*, 517 U.S. 559 (1996), for this proposition. Plaintiffs seek to strike Blake's excessive damages defense as legally invalid. They contend, as a matter of law, statutory damages cannot be excessive. *BMW v. Gore* does not apply to this case; it addressed excessive punitive damages, not statutory damages. 517 U.S. at 568. While *Gore* is inapposite, the Due Process Clause applies to statutory damages that "are so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66–67 (1919). Blake's affirmative defense is legally viable. Plaintiffs' motion to strike the excessive damages defense is denied.

### 5. Failure to join indispensable parties

Blake asserts failure to join indispensable parties as an affirmative defense. He does not support this defense with references to factual allegations in the complaint or new factual

allegations in his answer. (Answer 7; Resp. 11-12.) While Blake suggests a factual basis for an indispensable parties defense in his responsive briefing, the plausibility of Blake's affirmative defenses rests solely on the content of the pleadings. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (For a motion to dismiss, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."). Blake's indispensable parties defense lacks a plausible factual basis. *See Hayden*, 2015 WL 350665 at *6. The court grants Plaintiffs' motion to strike the indispensable parties defense with leave to amend.

6. Improper joinder

Blake stipulates to dismissal of this defense. (Resp. 12.)

7. Third-party conduct

Blake's final affirmative defense asserts third-party conduct as a basis for Plaintiffs' damages. He does not allege a factual basis for this defense in his answer, though he suggests a factual basis in his response. (Answer 7; Resp. 12.) As discussed above, the answer must establish a plausible factual basis for the defense. The court grants Plaintiffs' motion to strike the third-party conduct defense with leave to amend.

C. *Allegations supporting counterclaims*

Finally, Plaintiffs move to strike some of Blake's allegations in support of his counterclaims. These allegations supported Blake's now-dismissed counterclaims for declaratory relief. Plaintiffs ask the court to strike these allegations as prejudicial, immaterial, impertinent, and scandalous. With Blake's counterclaims dismissed, the supporting allegations have no effect. Plaintiffs' motion to strike allegations in support of Blake's counterclaims is denied as moot.

*Conclusion*

For the reasons stated above, Plaintiffs' Motions Against Answer and Counterlciams (ECF No. 23) are GRANTED IN PART and DENIED IN PART.  Plaintiffs' motion to dismiss Blake's counterclaims for declaratory relief and abuse of process are GRANTED.  Plaintiffs' special motion to strike under ORS § 31.150 is DENIED as moot.  However, Plaintiffs are entitled to reasonable attorney fees pursuant to ORS § 31.152(3) with regards to Blake's abuse of process counterclaim. Plaintiffs' motion to strike is DENIED with regard to Blake's Fourth Affirmative Defense and GRANTED in all other respects.

Blake may file an amended answer repleading the Second, Third, Fifth, and Seventh Affirmative Defenses within 30 days of the date of this opinion and order.  Plaintiffs shall file a motion for attorney fees pursuant to ORS§ 31.152(3) with regard to Blake's abuse of process claim within the same 30-day period.

**IT IS SO ORDERED.**

DATED this 17th day of December, 2015.

JOHN V. ACOSTA
United States Magistrate Judge